IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE ) | Chapter 11 |
| ) |  |
| GARDEN RIDGE CORPORATION, *et al.*, ) | Bankr. Case No. 04-10324 |
| ) |  |
| Debtors. ) | Jointly Administered |
| ) |  |
| DANIEL FERGUSON, ) |  |
| ) |  |
| Appellant, ) |  |
| ) |  |
| v. ) | C.A. No. 06-213-GMS |
| ) |  |
| GARDEN RIDGE CORPORATION, *et al.*, ) |  |
| ) |  |
| Appellees. ) |  |

## MEMORANDUM

**I.   INTRODUCTION**

Presently before the court is an appeal from (1) the February 10, 2006 Memorandum Opinion and Order and (2) the February 14, 2006 Judgment (collectively, the "Order") of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). For the reasons that follow, the court will affirm the Bankruptcy Court's Order.

**II.   BACKGROUND**

Appellees Garden Ridge Corporation, *et al.* (collectively, the "Debtors")[1] own and operate a home decor retailer with 35 stores in 13 states throughout the South, Midwest, and Atlantic regions of the United States. *In re Garden Ridge Corporation*, 338 B.R. 627, 630

---

[1] The appellees in this appeal are: Garden Ridge Corporation, Garden Ridge, L.P., Garden Ridge Management, Inc., Garden Ridge Finance Corporation, Garden Ridge Investments, Inc., and Garden Ridge Holdings, Inc.

(Bankr. D. Del. Feb. 10, 2006). Garden Ridge Management, Inc. ("GRM") is a management services company that employs all of the staff and management utilized at the Garden Ridge stores. *Id.* Garden Ridge, L.P. ("GRLP") is the entity that operates all of the Garden Ridge stores. GRLP pays a fee for the use of GRM's employees in its stores. *Id.*

Appellant Daniel Ferguson ("Ferguson") was hired by GRM as Senior Vice-President of Supply Chain in January 2001. *Id.* at 631. Ferguson's employment agreement with GRM provides that in the event he is terminated without cause, he would receive one year's base salary of $250,000. *In re Garden Ridge Corporation*, 338 B.R. at 631. The employment agreement further provides for the payment of certain relocation costs (including real estate commissions on the sale of Ferguson's existing home in Michigan). *Id.* Ferguson's paychecks and W-2 forms all name GRM as his employer. D.I. 11 at 9.

On January 31, 2003, due to a delay in the sale of his existing home, Ferguson executed a promissory note in favor of GLRP in the principal amount of $250,000 (the "Note").[2] *In re Garden Ridge Corporation*, 338 B.R. at 631. On September 12, 2003, however, Ferguson was terminated.[3] *Id.* After his termination, he filed suit against both GRM and GRLP in state court in Texas seeking payment of $250,000 in severance pay (comprising one year's base salary) and $60,000 in unpaid relocation costs. *Id.*

---

[2] According to its terms, the Note became due and payable upon the earlier of: (1) thirty (30) days after the closing of the sale of Ferguson's existing home in Michigan, (2) the date of Ferguson's termination of employment, and (3) December 31, 2003. Because Ferguson's house remained unsold, the Note was renewed annually. The full face value of the Note remains due. *In re Garden Ridge Corporation*, 338 B.R. at 631.

[3] The parties disagree as to whether Ferguson's termination was for cause. *In re Garden Ridge Corporation*, 338 B.R. at 631.

On February 2, 2004, the Debtors filed voluntary chapter 11 petitions in the Bankruptcy Court. *Id.* On March 29, 2005, the Debtors filed their First Amended Joint Plan of Reorganization (Corrected) Under Chapter 11 of the Bankruptcy Code (the "Plan"). *In re Garden Ridge Corporation*, 338 B.R. at 631. The Bankruptcy Court confirmed the Plan by an order dated April 28, 2005 (the "Confirmation Order").[4] On April 13, 2005, Ferguson filed his Motion for Daniel Ferguson for Relief from the Automatic Stay Under § 362(d)(1) of the Bankruptcy Code to the Extent Necessary to Set Off Mutual Debts (the "Motion"). D.I. 10 at 4. In his Motion, Ferguson was seeking authority to setoff the debt allegedly owed to him by GRM (*i.e.*, one year's salary severance pay and relocation expenses) with the liability he owes to GRLP (*i.e.*, payment due on the Note). D.I. 11 at 5. The Debtors filed their objection to that Motion on June 10, 2005. D.I. 10 at 4.

Following a hearing on the Motion,[5] and full briefing by the parties, the Bankruptcy Court issued the Order denying the Motion. *In re Garden Ridge Corporation*, 338 B.R. at 627. In the Order, the Bankruptcy Court concluded that: (1) the "full face amount of the Note remains due" (*id.* at 631); (2) mutuality of obligation does not exist between the severance and relocation expenses claimed by Ferguson and his obligation to GRLP (*id.* at 635); (3) allowing Ferguson to

---

[4] According to the Plan, claimants holding general unsecured claims of $37,000 or less were to receive a cash dividend of approximately 10%, whereas claimants holding general unsecured claims greater than $37,000 were to receive a distribution of preferred shares of stock in the reorganized entity. D.I. 11 at 5.

[5] The Bankruptcy Court held a hearing and heard oral argument on the Motion on November 16, 2005 (the "Hearing"). D.I. 11 at 6. At the conclusion of that Hearing, the Bankruptcy Court requested that the parties submit post-hearing briefs in support of their positions, along with *any* evidence it should consider in rendering a decision on the Motion. *Id.* (emphasis added).

3

setoff the respective claims would be an impermissible triangular setoff to which no exception applies (*id.* at 636); and (4) substantive consolidation of the reorganized Debtors' estates did not support Ferguson's setoff claim (*In re Garden Ridge Corporation*, 338 B.R. at 640-41).[6] Ferguson filed this appeal from the Bankruptcy Court's Order on March 31, 2006.[7] D.I. 1.

### III. THE PARTIES' CONTENTIONS

Ferguson contends that the Bankruptcy Court's Order should be reversed. Specifically, he contends that the Bankruptcy Court: (1) abused its discretion by failing to hold an evidentiary hearing on the Motion; (2) abused its discretion by refusing to permit the examination of witnesses and introduction of evidence in connection with the Motion; (3) erred as a matter of law in finding that GRLP was not the employer of Ferguson; (4) erred in finding that substantive consolidation of the Debtors for claims administration purposes did not create the mutuality required for setoff; (5) erred in finding the single business enterprise and related corporate law doctrines inapplicable, and concluding that the Debtors should not be treated as a single entity for purposes of setoff; and (6) erred in failing to apply judicial estoppel in this case.

The Debtors, on the other hand, contend that Ferguson's appeal is without merit, and that the decision of the Bankruptcy Court should be affirmed. They contend that: (1) Ferguson waived his right to an evidentiary hearing; and that the Bankruptcy Court (2) correctly construed setoff narrowly; (3) correctly concluded that substantive consolidation of the Debtors had no

---

[6] In addition, on February 14, 2006, the Bankruptcy Court entered a judgment against Ferguson -- finding that Ferguson's "motion for relief from stay in order to effect setoff is not well premised and is hereby denied." *In re Garden Ridge Corporation*, 338 B.R. at 642.

[7] Ferguson is appealing both the (1) February 10, 2006 Memorandum Opinion and Order, and the (2) February 14, 2006 Judgment.

effect on the Debtors' defense to Ferguson's setoff claim; (4) correctly concluded that equitable corporate law doctrines were not sufficiently alleged or supported by the evidence; (5) correctly concluded that no permissible triangular setoff exists; and (6) correctly determined that the Debtors are not judicially estopped from defending against Ferguson's claims.

## IV.   JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1). When reviewing a case on appeal, the court reviews the bankruptcy court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof. *In re United Healthcare Systems, Inc.*, 396 F.3d 247, 249 (3d Cir. 2005).

## V.   DISCUSSION

After having considered the record on appeal, the parties' submissions, and the applicable law and standard of review, the court finds that the Bankruptcy Court committed no legal error. The court will, therefore, affirm the Bankruptcy Court's decision in this case.

The Bankruptcy Court did not abuse its discretion by failing to hold an evidentiary hearing on the Motion. Indeed, the record reflects that Ferguson actually waived his right to an evidentiary hearing in this case. As the Debtors correctly point out, Ferguson was given an opportunity at the beginning of the Hearing, at the conclusion of the Hearing, and in his post-Hearing briefing to contest the Bankruptcy Court's procedure for deciding the Motion, and to request an evidentiary hearing on the Motion. Instead, he actively participated in the briefing process -- even indicating to the Bankruptcy Court that the Motion "could be decided on the papers." D.I. 11 at 6 n.4. Because Ferguson fully participated in briefing on the Motion, and only now, after the fact, protests about the lack of an evidentiary hearing, the court finds that he

waived any right he may have had to an evidentiary hearing in this case. *See, e.g., Baxter Healthcare Corp. v. Medical Laboratory Automation, Inc.*, No. 94 C 4558, 1994 U.S. Dist. LEXIS 17651, at *5-6 (N.D. Ill. Dec. 1, 1994) (holding that movant waived its right to an evidentiary hearing where it waited until after the court ruled adversely to it to protest and manifested to the process by fully participating in it) (citations omitted). The Bankruptcy Court, therefore, did not abuse its discretion in this regard.[8]

Furthermore, the Bankruptcy Court properly construed and determined the suitability and to what extent, if any, setoff applied in this case. In *In re Bevill*, the Third Circuit held that "setoff is at odds with a fundamental policy of bankruptcy, equality among creditors, because it permits a creditor to obtain full satisfaction of a claim by extinguishing an equal amount of the creditor's obligation to the debtor[.]" *In re Bevill, Bresler & Schulman Asset Management Corp.*, 896 F.2d 54, 57 (3d Cir. 1990) (internal quotations omitted). In addition, setoff "cannot be invoked in a case where the general principles of setoff would not justify it." *Id.* at 57; *see also In re Bram*, 179 B.R. 824, 826 (Bankr. S.D. Tex. 1992) ("Setoff is allowed in only very narrow circumstances in bankruptcy.") Here, the Bankruptcy Court properly construed setoff narrowly. *See, e.g., In re Garden Ridge Corporation*, 338 B.R. at 634 (starting from the presumption that "[f]or setoff purposes, the mutuality requirement is strictly construed"). Likewise, the Bankruptcy Court properly concluded that the facts of this case do not support Ferguson's claim for setoff. After considering all of the evidence, the Bankruptcy Court

---

[8] Even assuming *arguendo*, that the Bankruptcy Court erred by not conducting an evidentiary hearing, the court finds that any such error was harmless in this case. *See* 28 U.S.C § 2111 and Fed. R. Bankr. P. 9005 (establishing that an error is harmless, if it does not affect a substantial right of the party).

determined that Ferguson was an employee of GRM, the Note was issued in favor of GRLP, and that no mutuality exists for purposes of setoff.[9] The court detects no error in the Bankruptcy Court's factual determinations, nor in its legal conclusions based upon the facts of this case.

In addition, the Bankruptcy Court correctly concluded that substantive consolidation of the Debtors had no effect on the Debtors' defense to Ferguson's setoff claim. First, the court is satisfied that the Debtors sufficiently preserved their defenses to Ferguson's claim in their Plan. Specifically, the Plan expressly provides, in relevant part, that: the Debtors "shall have, retain, reserve and be entitled to assert all such . . . legal or equitable defenses that the Debtors had immediately prior to the [bankruptcy petition date] as fully *as if the Chapter 11 Cases had not been commenced*[.]" Plan, at Art. VIII(F), p. 36 (emphasis added). Indeed, the Plan explicitly preserves the Debtors' right to assert any defense available to them as if the chapter 11 bankruptcy cases "had not been commenced." *Id.* Second, the Bankruptcy Court correctly cites and relies upon persuasive legal authority for the proposition that substantive consolidation cannot create mutuality where it did not otherwise exist. Specifically, the Bankruptcy Court points to the decision in *In re Murray Industries, Inc.*, which holds that:

> [S]ubstantive consolidation of several estates means one thing and one thing only -- that all assets of the several entities are pooled and all creditors of the entities are entitled to share in the pooled assets in accord with their respective rights. It would certainly be a violation of due process if the order of substantive consolidation would operate to destroy defenses and rights which existed *prior to* the entry of the order of substantive consolidation.

---

[9] The Bankruptcy Court also correctly determined that no permissible triangular setoff exists in this case: in part, because there is no formal agreement by GRM and GRLP to be treated as a single entity for purposes of the claim against and by Ferguson. *See, e.g., In re Virginia Block Company*, 16, B.R. 560, 562 (Bankr. W.D. Va. 1981) (holding that triangular setoff is impermissible absent a formal agreement by all parties to treat the two entities as one).

*In re Murray Industries, Inc.*, 125 B.R. 314, 317 (Bankr. M.D. Fla. 1991) (emphasis added); *see also In re Delta Air Lines, Inc.*, 341 B.R. 439, 446 (Bankr. S.D.N.Y. 2006) (same). These cases directly support the Bankruptcy Court's conclusion that substantive consolidation cannot retroactively create mutuality for setoff purposes. Besides, Ferguson points to no controlling case law that indicates otherwise. The court cannot, therefore, conclude that the Bankruptcy Court erred in its findings or legal conclusions in this regard.

The Bankruptcy Court also correctly concluded that the equitable doctrines Ferguson raises are not sufficiently alleged or supported by the evidence in this case -- that is, Ferguson's claims based on (1) "disregard for the corporate form," (2) the "single business enterprise," and (3) the "alter ego" doctrines all fail as a matter of Texas law. First, with regard to disregard for the corporate form, the Bankruptcy Court correctly determined that Ferguson failed to show that the Debtors, in any way, misused the corporate privilege, or that application of this doctrine is somehow necessary to avoid an inequitable result in this case. *See In re Garden Ridge Corporation*, 338 B.R. at 637-38. Second, the Bankruptcy Court also correctly concluded, with regard to the alter ego doctrine, that Ferguson failed to establish that the Debtors maintained GRM and GRLP as separate entities for fraudulent purposes, as required under Texas law. *Id.* at 639. Third, with respect to the single enterprise doctrine, the Bankruptcy Court, likewise, correctly found that Ferguson failed to identify sufficient legal authority to support his proposition that this doctrine should be applied in the context of setoff under Texas law. *Id.* at 640. Accordingly, the court finds no error in the Bankruptcy Court's factual findings or application of the law in this regard.

Finally, the court disagrees with Ferguson's contention that the Bankruptcy Court erred

by failing to apply the doctrine of judicial estoppel. As the Debtors correctly note, in the Third Circuit, a party is judicially estopped from making an argument if it is: (1) irreconcilably inconsistent with that asserted in a prior proceeding; (2) the inconsistent position culpably threatens the court's integrity or is intended to play fast and loose with the court; and (3) judicial estoppel would address the affront to the court's integrity. *See Montrose Medical Group Participating Savings Plan v. Bulger*, 243 F.3d 773, 780 (3d Cir. 2001). Here, the doctrine of judicial estoppel is not applicable because the Debtors' argument is not "irreconcilably inconsistent" with that asserted in this or a prior proceeding. Indeed, the Debtors' position throughout these proceedings, and the entire bankruptcy reorganization process, has seemingly been consistent. Ferguson fails to point to specific instances or evidence in the record to the contrary or that otherwise supports his contention. Here, the facts simply do not warrant the Debtors being judicial estopped from defending against Ferguson's setoff claims. The court, therefore, cannot conclude that the Bankruptcy Court erred in this regard.

## VI. CONCLUSION

For the foregoing reasons, the court will AFFIRM the Bankruptcy Court's (1) February 10, 2006 Memorandum Opinion and Order, and its (2) February 14, 2006 Judgment.

Dated: December 29, 2008

CHIEF, UNITED STATES DISTRICT JUDGE

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE | ) | Chapter 11 |
| GARDEN RIDGE CORPORATION, *et al.*, | ) | Bankr. Case No. 04-10324 |
| Debtors. | ) | Jointly Administered |
| DANIEL FERGUSON, | ) | |
| Appellant, | ) | |
| v. | ) | C.A. No. 06-213-GMS |
| GARDEN RIDGE CORPORATION, *et al.*, | ) | |
| Appellees. | ) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED THAT:

1. The February 10, 2006 Memorandum Opinion and Order and the February 14, 2006 Judgment of the Bankruptcy Court are AFFIRMED.

Dated: December 29, 2008

CHIEF UNITED STATES DISTRICT JUDGE